NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
LONG BRANCH CITIZENS AGAINST        :
HOUSING DISCRIMINATION, INC.,       :
OCEAN 276, LLC; PAUL KUBIE;         :
ALAN SHREM; ELI and                 :
STEPHANIE ZAKAY; TAMARA             :
ZONANA; BRIAN MARCUS; and           :
1 ROYAL PLACE, LLC,                 :
                                    :
            Plaintiff,              :    Civil Action No. 09-4980 (JAP)
      v.                            :
                                    :    **OPINION**
CITY OF LONG BRANCH; MAYOR and      :
COUNCIL of the CITY OF LONG         :
BRANCH; KEVIN HAYES; and            :
CHARLES SHIRLEY,                    :
                                    :
            Defendants.             :
_____ :

PISANO, District Judge:

Presently before the Court is defendants City of Long Branch, Mayor and City Counsel of the City of Long Branch, Kevin Hayes, and Charles Shirley's ("Long Branch" or the "City") motion to dismiss plaintiffs Long Branch Citizens Against Housing Discrimination, Inc., Ocean 276 LLC, Paul Kubie, Alan Shrem, Eli and Stephanie Zakay, Tamara Zonana, Brian Marcus, and 1 Royal Place, LLC's (collectively "Plaintiffs") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs allege that two housing ordinances (the "Ordinances") adopted by the City that restrict the number of Certificates of Occupancy that a property owner may be issued violate the United States and New Jersey Constitutions, as well as New Jersey common law and statutory law. Plaintiffs seek compensatory damages, punitive damages, and a declaration that the Ordinances are invalid. Defendants argue that Plaintiffs' complaint must be

1

dismissed pursuant to Rule 12(b)(6) because Plaintiffs' § 1983 claims are barred by collateral estoppel, res judicata, and the law-of-the-case doctrine, as well as by the applicable statute of limitations. Defendants also argue that Plaintiffs' complaint fails to state a claim for which relief can be granted because the Ordinances do not violate any of Plaintiffs' protected rights. For the reasons set forth below, this Court finds that Plaintiffs' claims are not time barred, nor are they barred by the doctrines of collateral estoppel, res judicata, or the law-of-the-case. Further, the Court finds that the Plaintiffs' complaint states a claim for which relief can be granted. Therefore, Defendants' motion to dismiss is denied.

I.   Background

Plaintiffs challenge two zoning ordinances that govern the issuance of Certificates of Occupancy ("CO") in zones R-1, R-2, R-3, and R-4 in the City of Long Branch. Both ordinances were adopted to preserve "residential neighborhoods, possessing characteristics of stability, permanence, quiet and repose," and address the "constant renting and re-renting of residential single family properties during a calendar year" that damage the City's residential neighborhoods. Many owners of residential property have asked the City to "do something" to stop the rental of housing to groups of unrelated individuals during the winter season, especially groups comprised of students from Monmouth University, whether or not those groups were living as a functional single family. As a result, the City adopted ordinances that target property owners who rent their single family homes to students attending Monmouth University.

Ordinance 26-04, which was adopted by the City Council on July 27, 2004, provides that only one CO may be issued per calendar year for premises located in the R-1, R-2, R-3, and R-4 residential zones, "except upon bona fide sale to a third party with no subletting, of the interest in the premises." A property owner may apply to the Fire Code Official for a second CO for one of

the following reasons – 1) a permanent resident seeks to travel and to rent his or her property on a seasonal basis, 2) an owner who uses the property seasonally may apply for a second CO in order to rent the property to a family as defined by city ordinance, 3) upon a property owner's death, the executor of his or her estate may rent the property, temporarily, to a family unit as described in Ordinance 26-04, until such time as the property can be sold or disposed of, and 4) "any other bona fide factual scenario upon which an applicant seeks an exception as determined by the Fire Official."  No exception to the one CO per year rule will be made for properties that are not owner-occupied.  A family is defined by the ordinance as "a reasonable number of persons in relation to available sleeping and bathroom facilities . . . and continuing a stable and permanent living unit of a distinct domestic character . . . ."  The ordinance does not provide standards for determining when a group of individuals constitutes a family.

Ordinance 27-04, also adopted by the City Council on July 27, 2004, requires residential property owners who wish to rent their properties to provide the Fire Code Official charged with issuing COs proof of payment of property taxes, assessments against the property, municipal sewer charges, and any other municipal charges or assessments, as well as a notarized affidavit in which the property owner acknowledges that he or she has retained a copy of the fully executed lease, if a written lease exists, obtained a copy of the driver's license, or if no driver's license is available, of another form of identification, for each adult tenant, and has received acknowledgment from each tenant that any tenant under the age of 21 who unlawfully consumes or possesses alcoholic beverages is subject to a suspension or revocation of driving privileges for up to six months and a fine of $250.00 for a first conviction, and a fine of $350.00 for each subsequent conviction.  The property owner is required to retain the lease agreement, driver's license copies, and tenant acknowledgment of the penalties for underage drinking for at least one

year after termination of the lease. Ordinance 27-04 also states that the Fire Code Official will not inspect any tenant occupied dwelling, except "upon a bona fide transfer of title," and allows the City to remove any tenant who occupies a dwelling located in zones R-1, R-2, R-3, or R-4 prior to the issuance of a CO.

The City Council amended Ordinance 26-04 on May 22, 2007, in response to legal challenges to the ordinance. The amendment, Ordinance 24-07, adds a definition of "permanent resident," adds one new exception to the one CO per year rule set out in Ordinance 26-04, and more specifically articulates when the Fire Code Official may use his or her discretion to grant additional COs. The amendment also provides that the Fire Code Official's decision may be appealed to the City Business Administrator for de novo review.

Plaintiffs are property owners and tenants who have been adversely affected by Ordinances 26-04 and 27-04. Ocean 276, LLC, Paul Kubie, Alan Shrem, Eli and Stephanie Zakay, Tamara Zonana, Brian Marcus, and 1 Royal Place, LLC are property owners whose properties were occupied during Summer 2006, and who subsequently sought second COs in order to rent their properties to small groups of unrelated individuals with lease terms running from September 2006 through May 2007. All of the homes Plaintiffs sought to rent fully complied with the code requirements for the issuance of a CO, but were denied second COs because the owners sought to rent their properties to unrelated individuals. Kubie, Schrem, Zakay, Zonana, Marcus, and 1 Royal Place, LLC were informed by the City that if they had rented to a "blood family" then a second CO would have been issued. All of the property-owner plaintiffs, except 1 Royal Place, LLC, were issued summons for having tenants occupy their properties without properly issued COs in Fall 2006. The summonses remain pending in the Long Branch Municipal Court pending the outcome of this litigation. The tenants slated to

4

occupy 1 Royal Place, LLC refused to take possession of the property and terminated the lease. As a result, 1 Royal Place, LLC lost rents totaling $18,500.

This matter first came before the Court in September 2004, when suit was filed challenging the lawfulness of Ordinances 26-04 and 27-04.  Docket No. 04-4402, Docket Entry No. 1.  This Court granted the City's motion for partial summary judgment on April 18, 2006, finding that the plaintiffs did not have standing to bring their federal claims because they had not suffered an injury in fact and could not make a showing of imminent harm given that enforcement of the Ordinances had been stayed pending the outcome of the litigation.  *Id.* at Docket Entry No. 23.  After dismissing the plaintiffs' federal law claims for lack of standing, this Court declined to exercise supplemental jurisdiction over the remaining state claims, and dismissed those claims without prejudice.  *Id.*

Plaintiffs initiated a second action in the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. MON-L-2717-06, styled *Long Branch Citizens Against Housing Discrimination, Inc.; Nancy Anteby; Ocean 276, LLC; Paul Kubie; Alan Schrem; Eli and Stephanie Zakay; and Tamara Zonana v. City of Long Branch; Mayor and City Council of the City of Long Branch; Kevin Hayes; and Charles Shirley* in 2006.  *See* Certification of Robert V. Fodera, Esq. ("Fodera Certification") at Exhibit B.  On August 17, 2009, the state court issued an order allowing Plaintiffs to amend their complaint by deleting Nancy Anteby as a plaintiff, adding Brian Marcus and 1 Royal Place, LLC as plaintiffs, and adding count five which alleges violations of Plaintiffs' substantive due process rights under the United States Constitution.  *Id*.  Plaintiffs' Third Amended Complaint in Lieu of Prerogative Writ was filed in state court on September 10, 2010.  *Id.* at Exhibit G.  The City filed a timely notice of removal, and removed

the action to this Court on September 28, 2009, pursuant to 28 U.S.C. §§ 1343, 1441, and 1443. Notice of Removal, Docket Entry No. 1.

II.   Standard of Review

Recently, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6).  *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 562 (2007).  The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)).  Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Twombly*, *supra*, 550 U.S. at 555 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 1949 (quoting *Twombley*, *supra*, 550 U.S. at 570.)  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Fowler v. UPMC Shadyside*, 2009 WL 2501662, \*5 (3d Cir. August 18, 2009) (citations omitted).

III.   Discussion

In its motion to dismiss, the City argues that Plaintiffs' claims under 42 U.S.C. § 1983 are time barred, and barred by the doctrines of collateral estoppel, res judicata, and the law-of-the-case. The City also argues that Plaintiffs' complaint fails to state a claim for which relief can be granted because none of Plaintiffs' protected rights have been violated. Plaintiffs argue that their § 1983 claims are neither time barred, nor barred by the doctrines of collateral estoppel, res judicata, or law-of-the-case. Plaintiffs further argue that this Court is barred from revisiting those issues because they were fully addressed and decided by the state trial court prior to removal. Plaintiffs also argue that their constitutionally protected rights were violated by the Ordinances, and that their complaint states a claim for which relief can be granted.

The statute of limitations and issue preclusion issues raised by the City in its motion to dismiss were addressed by the state court prior to removal of this action. However, "after removal, interlocutory orders of the state court are transformed into orders of the court to which the case is removed." *In re Diet Drugs*, 282 F.3d 220, 231-32 (3d Cir. 2002) (citing 28 U.S.C. § 1450; *Nissho-Iwai Am. Corp. v. Kline,* 845 F.2d 1300, 1304 (5th Cir.1988) ("whenever a case is removed, interlocutory state court orders are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed. The district court is thereupon free to treat the order as it would any such interlocutory order it might itself have entered"). A Court may reconsider its own interlocutory orders on motion or *sua sponte*. *I.H. ex rel. Litz v. County of Lehigh*, 2007 WL 2781264, \*1 (E.D.Pa. September 24, 2007) (citing *United States v. Jerry,* 487 F.2d 600, 605 (3d Cir.1973)). Therefore, contrary to Plaintiffs' assertion, this Court is

not barred from revisiting the statute of limitations and issue preclusion arguments advanced by the City, or from entering an order contrary to that entered by the state trial court.

The doctrine of res judicata bars claims that were brought in a previous action, as well as claims that could have been brought in the previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). "Both New Jersey and federal law apply res judicata or claim preclusion when three circumstances are present: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *Id*. (quoting *Lubrizol Corp. v. Exxon Corp.,* 929 F.2d 960, 963 (3d Cir.1991)).

The doctrine of collateral estoppel "bars relitigation of any issue which was actually determined in a prior action, generally between the same parties, involving a different claim or cause of action." *Id.* (quoting *Tarus v. Borough of Pine Hill,* 189 N.J. 497, 916 A.2d 1036, 1050 (N.J. 2007)). To successfully assert the defense of collateral estoppel, the party asserting the defense must show that

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.
>
> *Id.* (quoting *Twp. of Middletown v. Simon,* 193 N.J. 228, 937 A.2d 949, 954 (N.J. 2008)).

The doctrine of collateral estoppel "precludes relitigation only of questions 'distinctly put in issue' and 'directly determined' adversely to the party against which the estoppel is asserted." *Id.* (quoting *N.J.-Phila. Presbytery of the Bible Presbyterian Church v. N.J. State Bd. of Higher Educ.,* 654 F.2d 868, 876 (3d Cir.1981)).

The law-of-the-case doctrine states that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *U.S.*

*v. Hoffecke*r, 530 F.3d 137, 165 (3d Cir. 2008).  The doctrine protects "traditional ideals such as finality, judicial economy and jurisprudential integrity."  *U.S. v. Parmelee*, 262 Fed.Appx. 416, 419 (3d Cir. 2008).  Judgment on a legal issue will be binding on the Court in subsequent proceedings in the absence of "extraordinary circumstances."  *Id.*

Here, the doctrines of res judicata, collateral estoppel, and law-of-the-case are inapplicable.  This Court's April 2006 opinion and order did not reach the merits of Plaintiffs' claims.  In the April 2006 opinion, this Court merely found that Plaintiffs lacked standing to prosecute their claims because they had not suffered an injury in fact and could not make a showing of imminent harm given that enforcement of the Ordinances had been stayed pending the outcome of the litigation.  The City has since enforced the Ordinances by first denying each of the individual plaintiffs a second CO, and by issuing all of the individual plaintiffs, with the exception of 1 Royal Place, LLC, summonses for allowing tenants to take possession of their properties without a properly issued CO.  Further, the City has amended the Ordinances since this Court issued its decision in April 2006, creating factual differences between the prior District Court litigation and the current action.

The City also argues that Plaintiffs' § 1983 claims are barred by the statute of limitations.  42 U.S.C. § 1983 does not contain a statute of limitations; however, the Supreme Court has held that the statute of limitations application to a § 1983 claim is the same as that applicable to a state personal injury claim.  *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985).  The statute of limitations applicable to personal injury claims in New Jersey is two years.  N.J.S.A. 2A:14-2.  Federal Rule of Civil Procedure 15 allows a newly asserted claim to relate back to the date of the original filing when "the law that provides the applicable statute of limitations allows relation back."  Fed. R. Civ. P. 15(c)(1)(A).  Both the Federal Rules of Civil Procedure and the Rules

Governing the Courts of the State of New Jersey allow relation back when the newly asserted claim arose out of the "conduct, transaction, or occurrence" set forth, or attempted to be set forth, in the original pleading.  Fed. R. Civ. P. 15(c)(1)(B); N.J. Ct. R. 4:9-3.

Under New Jersey law, Rule 4:9-3 should be liberally construed.  *Harr v. Allstate Ins. Co.*, 54 N.J. 287, 299 (N.J. 1969).  The New Jersey Supreme Court has held when the statute of limitations has expired, "it is only a distinctly new or different claim or defense that is barred." *Id*.  Amendments that "constitute the same matter more fully or differently laid," or where "the gist of the action or the basic subject of the controversy remains the same," should be permitted. *Id*.  Similarly, "[i]n accordance with the general theory of liberalized pleading in the federal system, Rule 15(c) is premised on the notion that a party is not entitled to the protection of the statute of limitations based upon the later assertion by amendment of a claim or defense that arises out of the same conduct, transaction, or occurrence set forth in the timely filed original pleading." *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004).  When applying Rule 15(c)(1)(B), federal courts must look for a "common core of operative facts in the two pleadings," and determine if the party opposing amendment had fair notice of the underlying facts and legal theory the amending party seeks to assert.  *Id.*

The statute of limitations on Plaintiffs' § 1983 claims has expired.  However, Plaintiffs' § 1983 claims are supported by the same underlying facts as the timely pled state law claims, and arise "out of the conduct, transaction, or occurrence" set out in the original state court complaint. Therefore, the Court finds that Plaintiffs' § 1983 claims relate back to the date of the original pleading, and thus, are not time barred.

The City also argues that Plaintiffs' complaint fails to state a claim for which relief can be granted because enforcement of the Ordinances did not violate any of Plaintiffs' protected constitutional due process and equal protection rights. 42 U.S.C. § 1983 provides

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, Plaintiffs have alleged that they were deprived of protected property interests by enactment and enforcement of the Ordinances. "[A] land-owning plaintiff states a substantive due process claim where he or she alleges that the decision limiting the intended land use was arbitrarily or irrationally reached. Where the plaintiff so alleges, the plaintiff has, as a matter of law, impliedly established possession of a property interest worthy of substantive due process protection." *DeBlasio v. Zoning Bd. of Adjustment for Tp. of West Amwell*, 53 F.3d 592, 601 (3d Cir. 1995). Substantive due process requires that zoning regulations be reasonably exercised – "the regulation[s] must not be unreasonable, arbitrary or capricious, the means selected must have a real and substantial relation to the object sought to be attained." *Kirsch Holding Co. v. Borough of Manasquan*, 59 N.J. 241, 251 (N.J. 1971). Additionally, zoning ordinances "must be reasonably calculated to meet the evil and must not exceed the public need or substantially affect uses which do not partake of the offensive character of those which cause the problem sought to

11

be ameliorated." *Id.* Generally, enactment and enforcement of zoning ordinances are not the proper methods for addressing social ills. *Id*. at 253-54.

"The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (quoting *Sioux City Bridge Co*. 260 U.S. 441, 445 (1923)). A plaintiff states a claim under the equal protection clause where he "alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*

The Court concludes that Plaintiffs' complaint sets forth a plausible claim for relief. Plaintiffs have alleged that enactment and enforcement of the Ordinances has deprived them of their protected property interests by restricting the number of COs that may be issued during a 12 month period. Further, Plaintiffs' allege that enactment and enforcement of the Ordinances does not further a legitimate government interest, but instead seeks to regulate unwanted social conduct in an improper manner, thus violating Plaintiffs' substantive due process and equal protection rights. Therefore, Defendants' motion to dismiss will be denied.

IV.  Conclusion

For the reasons set forth above, Defendants' motion to dismiss is denied. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO_____
United States District Judge

Date:  August 17, 2010